IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA VANN-FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 8069 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ILLINOIS CENTRAL RAILROAD CO., | ) | |
| d/b/a CANADIAN NATIONAL | ) | |
| RAILWAY CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a "Motion to Compel Responsive and Complete Answers to Defendant's Written Discovery." [Dkt. #27]. The Motion is granted in part and denied in part.

I conducted a brief status hearing on the parties' discovery progress on September 15, 2020. [Dkt. #26]. At that time, counsel for the Defendants indicated that they had a number of issues with Plaintiff's responses. I instructed counsel to have a Local Rule 37.2 conference because Plaintiff's counsel indicated that she had not even discussed the issues with her client yet.

The lawyers then had an initial conference that accomplished little more than setting out the list of problems Defendant had with Plaintiff's responses. Counsel for the Defendant has not fully complied with Local Rule 37.2's requirement that the time of the conference be stated. [Dkt. # 29]. According to the Defendant's summary of those issues on September 16th, answers to Interrogatories Nos. 4-10, 12, 14, 18, 20-21; and to Document Requests Nos. 5-6, 9-13, 17, 20, 27, 31, 35,38. [Dkt. #29-6] were unsatisfactory. Thereafter, Plaintiff provided supplemental responses, followed by a series of emails. [Dkt. ##29-7-29-11]. Unfortunately, they were only able to resolve a few of their

disputes.

The result was this: the Defendant has now filed a Motion and accompanying Memorandum, exhibits, and declaration that span over 150 pages. The filings find fault with Plaintiff's answers to Interrogatories Nos. 4-5, 7-8,10, 12-14, 17-18, and Requests for Production 9-13, 27, 29, 30, 38, and 40. The number of unresolved issues and the size of the filing suggest that no more than lip service was paid to the requirements of Local Rule 37.2 and the goals it subserves and that they have left the controversy for the court to resolve. Given the salutary purposes of the Local Rule, the capabilities of counsel, and what appears to be a not overly complicated case, the continuing discovery conflict is regrettable.

It should be recalled that resolution of discovery disputes is committed to the court's broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). Consequently, it behooves counsel to work things out on their own where possible. Discretion denotes the absence of hard and fast rules. *Langnes v. Green*, 282 U.S. 531, 541 (1931). Being a range, not a point, discretion allows two decision-makers—on virtually identical facts—to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). A party who steadfastly maintains his position without budging could be "right," but find itself on the losing side when the matter is left to the court, and the court's "discretion" leads it to accept the other side's position – which is now, by definition, the correct one. A successful appeal of the court's resolution of a discovery dispute is rare.

An abuse of discretion occurs when no reasonable person could take the view of the district court. *U.S. v. Re*, 401 F.3d 828, 832 (7th Cir. 2005). That means there are no hard and fast rules in discovery matters. Indeed, two decision-makers—on virtually identical facts—can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *See McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). *Accord Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Elliot v. Mission Trust Services, LLC*, 2015 WL 1567901, 4 (N.D. Ill. 2015). Is a discovery response adequate? Is a request overly broad? One judge will say yes, another will say no. In the instant case, neither side has come up with a single case to support their competing positions on any of the disputed interrogatories. [Dkt. #28, at 6-12; #38, at Pages 2-9 of 13]. But, of course, insisting you're correct and the other side is wrong doesn't make it so. *Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018).

In short, a losing party in a discovery dispute resolved by the court has little recourse. To overturn a discovery motion requires a showing that the ruling was "clearly erroneous." *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016). That's a difficult burden to meet, to say the least. *See Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir.2001)(a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish"); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made."). In sum, a negotiated outcome would have been a better device to have given both sides a mutually satisfactory resolution. But,

3

unfortunately, that did not occur. And so, we turn to the particular disputes.

As to Interrogatory Responses Nos. 4-5, 12, Defendant complains they fail to comply with Fed.R.Civ.P. 33(d). The Plaintiff's citations to documents for its answers to the above interrogatories either: (1) fail to support the narrative portion of her answer or, (2) are not sufficiently specific, citing a cache of 125 documents. Defendant's Motion is denied as to (1) if the documentary evidence Plaintiff thinks supports her claims does not, that is a matter for a dispositive motion, which may be filed at any time until 30 days after the close of all discovery. Rule 56(d); *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019).

As to (2), the Defendant's Motion is granted. A broad unspecific citation to 125 pages of documents is unacceptable. *See Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, 2020 WL 1701861, at *7 (N.D. Ill. 2020); *U.S. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 2015 WL 2148394, at *7 (N.D. Ill. 2015). Unfortunately, this is a common but nonetheless inappropriate practice. *See, e.g., Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817–18 (7th Cir. 2004). Plaintiff must provide a much more specific response than she has.

I do not agree with the Defendant's contention that Interrogatory Responses Nos. 7-8, 10 are "evasive." With regard to Response Nos. 7 and 8, Defendant's problem is that Plaintiff mentions her claimed inability to enter her lost time or lack of access to the CATS system. But that does not make her answer "evasive."

In her response No. 10, it seems the best Plaintiff can do in identifying similarly situated individuals is to explain that she:

> personally has observed Brian Torres-Regnier do a check ride on a Caucasian male engineer at Glen Yard and the employee was not held to the same standard that Plaintiff was held in her two skills performance evaluations. Furthermore, Plaintiff

>states that Jon Walters, Local Chairman of BLET Division 10, expressed to her by phone and by email, see document bates stamped 297-299, that Plaintiff's suspension due to Defendant's denial of Plaintiff's recertification, was a new situation that the union had not previously handled because it had never happened before. Plaintiff infers from her conversations with Jon Walters, that locomotive engineers are not frequently denied recertification by Defendant, which suggests that individuals that perform substantially similar to Plaintiff on skills performance evaluations but have not complained of discrimination receive passing scores and re-certification."

Defendant thinks that answer will not support Plaintiff's claim and, indeed, it may not; but that is obviously not a matter for a motion to compel.

Defendant finds Plaintiff's Interrogatory Responses Nos. 13–14, 17–18, 21 "incomplete." The Plaintiff's answers are too sketchy and fail to provide the itemizations and details requested. The Plaintiff must adequately supplement these answers with the necessary information.

Defendant asks that the Plaintiff be ordered to amend her answers to Requests for Production Nos. 9-13. As before, Plaintiff's sweeping reference to approximately 300 documents is unacceptable. There are five distinct requests, and each answer or reference should relate only to a specific set of documents.

Finally, with regard to Requests Nos. 27, 29, 30, 40, the parties remain at odds regarding the relevance of Plaintiff's personnel files, medical records, and social media activity. Personnel files are relevant to mitigation efforts. This obviously includes applications and job offers. Plaintiff can provide those or provide the release. Social media posts are relevant to at least emotional distress damages. *Sailsbery v. Vill. of Sauk Vill.*, 2020 WL 5570091, at *2 (N.D. Ill. 2020).

Request No. 29 seeks "any past or current physician, healthcare professional, medical provider, psychologist, psychiatrist, therapist, counselor, mental health professional, religious counselor, religious specialist, psychic advisor, substance abuse treatment provider, or any

5

other provider identified in your responses to Defendant's Interrogatories." Without any time limitation, the request is clearly overbroad. Plaintiff's objection to it stands. *Williams v. Estates of Hyde Park, LLC*, 2020 WL 5702297, at *3 (N.D. Ill. 2020)(court shall not redraft party's discovery requests on their behalf (collecting cases)).

Request No. 30 seeks records regarding health care from October 2018 on. Plaintiff has responded that she has not sought health care in the pertinent period. [Dkt. 29-4]. That is a sufficient answer, and the Defendant's objection is improper.

Request No. 40 is the traditional mental healthcare evidence request whenever a plaintiff mentions "emotional distress" in a complaint. In general terms, when a plaintiff seeks damages for emotional distress, mental health records are relevant. *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state"); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D.Ill. 1999) ("[a] party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues."). But, as this case stands now, Plaintiff asserts no more than "garden-variety" emotional distress damages [Dkt. #1], and is on the record as averring she has sought no treatment for emotional distress. [Dkt. #29-4]. Of course, Plaintiff will be rather limited in proof and testimony because, while "garden variety emotional distress" includes the humiliation, embarrassment, and other similar emotions a plaintiff may experience as a result of a defendant's conduct, the line is drawn at allegations regarding "any resulting symptoms or conditions that [the plaintiff] might have suffered, including 'sleeplessness, nervousness, [and] depression.'" *Flowers v. Owens*, 274 F.R.D. 218, 220 (N.D. Ill. 2011).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/23/20