# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA VANN-FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 8069 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ILLINOIS CENTRAL RAILROAD CO., | ) | |
| d/b/a CANADIAN NATIONAL | ) | |
| RAILWAY CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a motion to extend the fact discovery deadline by seventy-five days. [Dkt. #46]. The defendant has objected. [Dkt. #47]. Significantly, the motion came late in the afternoon, two days before fact discovery was set to close. [*See also* Dkt #47 at 2]. Plaintiff has known about the discovery deadline for six months [Dkt. #21], and has had nine months in which to take discovery – – but did not do so. [Dkt. #9][*See* Dkt. #47 at 2].[1] Plaintiff provided no reason or justification for having waited so long to seek an extension. She claims, without explanation or elaboration, that the extra time is needed due to unspecified "outstanding discovery issues related to Defendant's responses to written discovery and in order to complete Plaintiff's remaining witness depositions." But "saying so doesn't make it so." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010).

---

[1] Allegedly, offers by the defendant to meet and confer were rejected. [Dkt. #47 at 2]. According to the defendant, the first mention of depositions by the plaintiff was in the Motion to Extend. [Dkt. #47 at 2-3].

We are not told by the plaintiff when those unresolved issues arose, but plaintiff did not schedule the required Local Rule 37.2 conference to address those matters until a week *after* the discovery deadline date. "When parties wait until the last minute to comply with a deadline, they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996); *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 2015 WL 8777633, at *2 (N.D. Ill. 2015). Of course, eleventh-hour requests for extensions often bear on the legitimacy of the request. *See Connecticut Gen. Life Ins. Co. v. Chicago Title & Trust Co.*, 690 F.2d 115 (7th Cir. 1982); *Hare v. Comcast Cable Commc'ns Mgmt., LLC*, 564 Fed.Appx. 23, 24 (4th Cir. 2014); *Franklin v. Howard Brown Health Ctr.*, 2018 WL 4590010, at *1 (N.D. Ill. 2018)*; G & G Closed Circuit Events, LLC v. Castillo*, 2016 WL 3551634, at *7 (N.D. Ill. 2016). The fact that a motion to extend was made a few days before the expiration of the fact discovery close date does not mean that the motion was timely or that it must be granted. Indeed, motions to extend made within two days before the expiration date have been denied. *See, e.g., Landner v. ABF Freight Sys.*, 459 Fed.Appx. 89, 93 (3rd Cir. 2012).

The matter of setting discovery dates is one of those discovery related matters that falls within the vast discretion of a district court. *See Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Discretion denotes the absence of a hard and fast rule. *Langnes v. Green,* 282 U.S. 531, 541 (1931); *Rogers v. Loether,* 467 F.2d 1110, 1111–12 (7th Cir.1972)(Stevens, J.). Under this standard, a court must act "with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes,* 282 U.S. at 541, 51 S.Ct. 243. An abuse of discretion occurs when no reasonable person could agree with the district court's decision. *Adams v. City of Indianapolis,* 742 F.3d 720, 727 (7th Cir.2014). On a virtually identical set of facts, two decision-makers can arrive at opposite conclusions, both of which can constitute appropriate exercises

of discretion and both be affirmed on appeal. *See Mejia v. Cook County,* 650 F.3d 631, 635 (7th Cir. 2011); *United States v. Banks,* 546 F.3d 507, 508 (7th Cir.2008).

Fed.R.Civ.P. 16(b)(4) provides that a schedule may be modified only for "good cause" and with the judge's consent. To establish "good cause," the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir.2008). *See, e.g., Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). *See also Fisher v. SP One, Ltd.*, 559 F. App'x 873, 878 (11th Cir. 2014). As the 1983 Advisory Committee note explains, among the aims of Rule 16 is the prevention of parties from delaying or procrastinating and to keep the case "moving toward trial." *Alioto,* 651 F.3d at 720. Waiting until the very last minute to seek an extension of discovery, especially under the circumstances presented here, does not further that goal. The Federal Rules of Civil Procedure clearly give courts both the authority to establish deadlines and the power and discretion to enforce them. *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996). "Waiting until the last hours is not diligent...." *Farzana K. v. Indiana Dept. of Ed.*, 473 F.3d 703, 705 (7th Cir. 2007).

In light of the facts of this case and given the objection to an extension by the defendant, the motion is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:12/16/20**

3