# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA VANN-FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 19-cv-8069 |
| | ) | |
| v. | ) | District Judge Robert W. Gettleman |
| | ) | |
| ILLINOIS CENTRAL RAILROAD | ) | Magistrate Judge Jeffrey Cole |
| COMPANY d/b/a CANADIAN | ) | |
| NATIONAL RAILWAY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ILLINOIS CENTRAL RAILROAD COMPANY'S**
**THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S**
**FIRST REQUESTS FOR PRODUCTION TO DEFENDANT**

Defendant Illinois Central Railroad Company ("Defendant" or "ICR")[1], by and through its

attorneys, submits the following supplemental responses to Plaintiff Cynthia Vann-Foreman's

First Requests for Production to Defendant:

**GENERAL OBJECTIONS**

1.      Defendant objects to Plaintiff's First Requests for Production to Defendant ("First

Requests for Production" or "Requests") to the extent that they seek to impose discovery obligations

which are contrary to, or exceed those set forth in the Federal Rules of Civil Procedure, Northern

District of Illinois Local Rules, and/or other rules applicable to this proceeding.

2.      Defendant has responded to each of Plaintiff's Requests based on the documents in

its possession and control, on its understanding of the discovery requests and to the best of its

---

[1] Plaintiff misnames Illinois Central Railroad Company d/b/a Canadian National/Illinois Central as Illinois Central
Railroad Company d/b/a Canadian National Railway Company. ICR is a subsidiary owned by Illinois Central
Corporation, which is owned by CN Financial Services VIII LLC, which is owned by Grand Trunk Corporation, which
is owned by North American Railways, Inc., which is owned by Canadian National Railway Company. ICR is a multi-
level indirect subsidiary of Canadian National Railway Company, a foreign corporation with its headquarters in
Montreal, Canada. Canadian National Railway Company and its other indirect railroad subsidiaries operate under the
CN logo and trade name. ICR is the sole employer of Plaintiff. By answering this complaint, ICR does not intend to,
nor has it, appeared for or on the behalf of Canadian National Railway Company.

knowledge and recollection at the date these answers and responses are served. Defendant expressly reserves the right to amend, supplement or correct the answers as necessary.

3. Defendant has set forth such objections as are apparent at this time based on its understanding of Plaintiff's Requests and upon reasonable discovery and inquiry to date. Defendant expressly reserves the right to assert additional objections, including those based on excessive burden, which may become apparent in the course of providing information and producing documents to Plaintiffs. Discovery is continuing.

4. Defendant objects to Plaintiff's Requests to the extent they seek not documents but information, which is properly requested in an Interrogatory pursuant to Federal Rule of Civil Procedure 33.

5. Defendant objects to Plaintiff's Requests to the extent that they fail to include the required contents of document production requests pursuant to Federal Rule of Civil Procedure 34.

6. Defendant specifically objects to producing any documents or information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege or protection.

7. The information provided in response to these Requests is that information discovered by Defendant after reasonable inquiry and investigation as of the date of these responses. Defendant expressly reserves the right to amend, supplement or correct any of the answers herein as necessary. Discovery is continuing.

8. Defendant's responses are not intended to waive any rights or objections or admit the relevance, materiality or admissibility into evidence of facts contained in any request or the response. Furthermore, by making certain general and specific objections, Defendant does not intend to waive other objections that might be applicable or become so at some time in the future.

9. Defendant specifically objects to the use of any form or document produced by Defendant where such is prohibited by federal law, including without limitation 49 C.F.R. § 225.7.

10.     To the extent that Plaintiff has requested documents and information which Defendant would not voluntarily provide to a competitor or to the public, or which information requested belongs to individuals or entities not a party to this action and who Defendant believes have a reasonable expectation that such documents or information will be protected and/or not be shared or divulged publicly, such documents or information may be produced only subject to and upon the execution and entry of an appropriate confidentiality protective order governing the production, use and disclosure of such documents or information and as marked as Confidential and/or Confidential-Attorneys' Eyes' Only, unless otherwise still protected by other law or regulation.

11.     Defendant objects generally to each and every request to the extent it calls for information or documentation that "constitute," "reflect," "describe," "relate," and/or "summarize" a particular person, entity, object or subject matter on the grounds that such request is vague and ambiguous, cumulative and duplicative, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12.     A representation that non-privileged, responsive documents will be produced or that information will be supplied, identified or provided, does not constitute a representation that responsive documents or information exist. Further, Defendant objects to Plaintiff's Requests for Production to the extent it requests documents or information not within its possession, custody or control and/or are directed at another individual or entity other than Defendant or to which it lacks access or control over such documentation or information.

13.     The foregoing General Objections (hereinafter referred to as "General Objections"), are incorporated into each response, whether or not express reference is made to these General Objections and reservations in response to any particular Request.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Any and all documents related to each and every response to Plaintiff's Interrogatories simultaneously served on Defendant, including, but not limited to, each and every document identified in said responses.

**RESPONSE:** See documents identified therein by Bates-label in the answers and objections thereto.

**SUPPLEMENTAL RESPONSE:** Defendant objects to this Request on the basis that it calls for the production of documents subject to the attorney-client and work product privileges, and requests that Defendant disclose its litigation strategy; however, subject to and without waiving said objections and the General Objections, and stating further, in addition to the documents previously identified by Defendant, *see* Defendant's Privilege Log; *see also* documents Bates labeled as ICR000330-000347, produced contemporaneously herewith.

2.  Any and all documents, electronic, written or otherwise, that relate or refer to allegations in the complaint or answer, any defense, and/or that support and/or refute any claim made by Plaintiff or support and/or refute any of Defendant's defenses.

**RESPONSE:** Defendant objects to this Request on the basis that it calls for the production of documents subject to the attorney-client and work product privileges, requests that Defendant disclose its litigation strategy, and is premature. In addition, Defendant objects to this Request to the extent it is overly broad, vague and ambiguous.. Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith Bates labeled as: ICR000001– 112, 160-163, 179-180, 228, 287-294,160-163. Investigation continues.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections to this Request and the General Objections, and stating further, in addition to the documents previously identified by Defendant, *see* Defendant's Privilege Log; *see also* documents Bates labeled as ICR000330-000347, produced contemporaneously herewith.

3. Any and all statements, whether oral, written or transcribed, audio, taped, or otherwise which refer or relate to any allegation in the Complaint, the answer to the Complaint, and/or Defendant's affirmative defenses.

**RESPONSE:** Defendant objects to this Request to the extent it is vague and ambiguous, particularly with respect to use of the phrase "refer or relate to any allegation" and the undefined term "statements" which is subject to various interpretations. Defendant further objects to this Request to the extent it requests documents subject to the attorney-client and work product privileges. Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith Bates-labeled as: ICR000110–000112, 181-185, 179-180, 186-263, 265-268, 287-294.

4. Any and all documents identifying any and all individuals with knowledge about the incidents alleged in the Complaint and said individuals' last known address and telephone number.

**RESPONSE:** Defendant objects to this Request to the extent it is vague and ambiguous, particularly with respect to the undefined term "identifying," which is subject to various interpretations—including that the Request seeks production of all documents containing the names, last known addresses, and telephone numbers of all individuals who have knowledge about incident—which is overly broad, unduly burden, not reasonably likely to lead to discoverable information, and irrelevant. In addition, Defendant further objects to this Request to the extent it requests documents subject to the attorney-client and work product privileges and

seeks information related to the identification of certain individuals—not document production, which is properly requested in an interrogatory pursuant to Rule 33. Defendant further objects to this Request to the extent it requests a document that identifies persons intended to be called as witnesses, which is duplicative of the information sought by Federal Rule of Civil Procedure 26(a) and included in ICR's 26(a) initial disclosures Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, Defendant directs Plaintiff to ICR's 26(a) initial disclosures and any supplements thereto for a list of potential witnesses.

5. All documents examined or relied on by any expert witnesses who will be called to testify at trial.

**RESPONSE:** Defendant objects to this Request on the basis that it is premature. Subject to this objection, the General Objections and without waiving same, and based on its understanding of this Request, none—ICR has not yet identified any expert witness who will be called to testify at trial. Defendant reserves its right to supplement as discovery progresses and expert witnesses are retained and identified in accordance with the applicable scheduling order. Investigation continues.

6. All reports or opinions prepared by any expert witnesses who will be called to testify at trial.

**RESPONSE:** Defendant objects to this Request on the basis that it is premature. Subject to this objection, the General Objections and without waiving same, and based on its understanding of this Request, none—ICR has not yet identified any expert witness who will be called to testify at trial. Defendant reserves its right to supplement as discovery progresses and expert witnesses are retained and identified in accordance with the applicable scheduling order. Investigation continues.

7.   A curriculum vitae for each and every expert who will be called to testify at trial and copies of all articles, reports or professional papers published by said expert and copies of any transcripts of deposition, trial or other testimony given by that expert.

**RESPONSE:** Defendant objects to this Request on the basis that it is premature. Subject to this objection, the General Objections and without waiving same, and based on its understanding of this Request, none—ICR has not yet identified any expert witness who will be called to testify at trial. Defendant reserves its right to supplement as discovery progresses and expert witnesses are retained and identified in accordance with the applicable scheduling order. Investigation continues.

8.   All documents reflecting the Plaintiff's job assignments and job performance throughout her employment with Defendant.

**RESPONSE:** Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Specifically, Plaintiff's job performance throughout the duration of her employment with Defendant is not relevant to the claims in this cause of action and the alleged adverse action of her failure on two federally mandated skills performance examinations, which resulting in her denial of re-certification. As such, this Request should be limited to Plaintiff's performance on her skills performance examinations and Defendant's expectations in compliance with 49 C.F.R. part 240 and in accordance with the ICR federally mandated and approved program. Subject to the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith Bates-labeled as: ICR 000001-144, 160-166, 269-290, 294.

9.   All of Plaintiff's Skills Performance Evaluations during her employment with

Defendant.

**RESPONSE:** Defendant objects to this Request to the extent it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Subject to the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith Bates-labeled as: ICR000024–28.

10. All documents reflecting Plaintiff's complete compensation as of the last date of her employment with Defendant, including, but not limited to, Plaintiff's pay, in terms of her hourly pay rate and/or salary amount, any overtime worked, any applicable differentials, benefits history, insurance benefits, and 401(k) contributions.

**RESPONSE:** Subject to the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith: 186-263, 295-305. Investigation continues.

11. From January 1, 2014 through the present, any and all job descriptions and/or other documents that describe or otherwise relate to the functions that Plaintiff performed as an employee for Defendant.

**RESPONSE:** Defendant objects to this Request to the extent it is duplicative of Request No. 8 seeking all documents related to Plaintiff's job assignments and job performance throughout her employment with ICR. In addition, Defendant objects to the scope and time of this Request since Plaintiff's hire date was November 10, 2014; as such, there would be no documents related to Vann-Foreman's job description or performed job functions prior to her hire date. Defendant further objects to this Request to the extent it seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and

8

defenses at issue or needs of the case. Subject to the General Objections and without waiving same, and based on its understanding of this Request, see materials enclosed herewith: ICR000124-125, 186-263. Investigation continues.

12. Any and all documents, electronic, written or otherwise, that relate or refer to Plaintiff's 2016 termination from Defendant.

**RESPONSE:** Defendant objects to this Request to the extent it is not properly limited in scope and time and seeks all documents that "relate or refer to Plaintiff's 2016 termination" since this is irrelevant to the claims of race discrimination at issue in the above-captioned matter. Defendant further objects to this Request to the extent it requests documents subject to the attorney-client and work product privileges. Subject to the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith Bates-labeled as: ICR000017–19, 113–143, 164-166, 186-263, 269-287, 289-290.

13. The complete personnel file of Plaintiff and any and all other documents that relate to Plaintiff's employment with Defendant.

**RESPONSE:** Defendant objects to the Request to the extent it is vague and ambiguous in its use of the catch-all phrase "any and all documents that relate to Plaintiff's employment" since such a request would be overly broad, not properly limited in scope, irrelevant, and would not reasonably lead to discoverable documents. Defendant further objects to this Request to the extent it requests documents subject to the attorney-client and work product privileges. Subject to the General Objections and without waiving same, and based on its understanding of this Request, see all documents enclosed herewith.

14. Any and all performance and/or work quality evaluations of Plaintiff.

**RESPONSE:** Defendant objects to this Request to the extent it is duplicative of Request No. 8 (seeking all documents reflecting the Plaintiff's job assignments and job

performance). Defendant further objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Subject to the General Objections and without waiving same, and based on its understanding of this Request, see documents Bates-labeled as ICR000017-19, 24–28, 289-290.

15. Any and all documents that refer or relate to any complaints of discrimination made against Brian Torres- Regnier.

**RESPONSE:** Defendant objects to this Request as overly broad and not properly limited to any complaint of race discrimination, vague and ambiguous, seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the claims and defenses at issue or needs of the case. Specifically, the Request is not limited to claims of race discrimination and Plaintiff's alleged adverse action related to Mr. Torres-Regnier: her failure on a skills performance examination being administered for re-certification as a locomotive engineer in compliance with 49 C.F.R. part 240 and in accordance with the ICR federally mandated and approved program. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable to the extent it is seeking documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. Subject to the General Objections, particularly, General Objection No. 10, and without waiving same, and based on its understanding of this Request, investigation continues.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections to this Interrogatory and the General Objections, stating further, none apart from Plaintiff's

allegations in this lawsuit.

16. Any and all documents that refer or relate to any complaints of discrimination made against Tim Gerten.

**RESPONSE:** Defendant objects to this Request as overly broad and not properly limited to any complaint of race discrimination, vague and ambiguous, seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable to the extent it is seeking documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. Subject to the General Objections, particularly, General Objection No. 10, and without waiving same, and based on its understanding of this Request, investigation continues.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections to this Interrogatory and the General Objections, stating further, none apart from Plaintiff's allegations in this lawsuit.

17. Any and all documents that refer or relate to any complaints of discrimination made against Larry Thorpe.

**RESPONSE:** Defendant objects to this Request as overly broad and not properly limited to any complaint of race discrimination, vague and ambiguous, seeking irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the claims and defenses at issue or needs of the case. Specifically, the Request is not limited to claims of race discrimination and Plaintiff's alleged adverse action related to Mr. Thorpe: her failure on a skills performance re-examination being administered for re-certification

11

as a locomotive engineer in compliance with 49 C.F.R. part 240 and in accordance with the ICR federally mandated and approved program. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable as seeking documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. Subject to the General Objections, particularly, General Objection No. 10, and without waiving same, and based on its understanding of this Request, investigation continues.

      **SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections to this Interrogatory and the General Objections, stating further, none.

      18. Any and all documents, including correspondence, email, memos, notes, reports or otherwise which relate to the process followed in deciding to take or not take any disciplinary action toward Tim Gerten for Plaintiff's allegations against him.

      **RESPONSE:** Defendant objects to this Request to the extent it requests documents subject to the attorney-client and work product privileges. Subject to the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith: ICR000011–000016, 147-159, 181-185, 265-26.

      19. Any and all documents, including correspondence, email, memos, notes, reports or otherwise which relate to Plaintiff's 2016 termination, labor relations grievances and the Public Law Board No. 7154 decision.

      **RESPONSE:** Defendant objects to the Request to the extent it is duplicative of Request No. 12 that seeks "any and all documents, electronic, written or otherwise, that relate or refer to Plaintiff's 2016 termination." In addition, Defendant objects to this Request to the extent it is not properly limited in scope and time and seeks all documents that "relate or refer to Plaintiff's 2016 termination" since this is irrelevant to the claims of race discrimination at issue in the above-

captioned matter. Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, see response to request No. 12.

20. Any and all documents, including correspondence, e-mail, memos, notes, reports, computer data, or otherwise which in any way relate or refer to the Plaintiff.

**RESPONSE:** Defendant objects to this Request to the extent it is not properly limited in scope and time, overly broad, vague and ambiguous in its use of the phrase "which in any way relate or refer to the Plaintiff." Defendant further objects to this Request to the extent it requests documents subject to the attorney-client and work product privileges. Subject to these objections, the General Objections and without waiving same, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request. Otherwise, see all documents produced in response herewith.

**SUPPLEMENTAL RESPONSE:** Subject to its prior objections to this request and the General Objections, and without waiving same, responding further, pursuant to Fed. R. Civ. P. 26(b)(5), Defendant refers Plaintiff to its privilege log.

21. Any and all documents referring or relating to discipline of Plaintiff and/or complaints regarding Plaintiff throughout her employment with Defendant.

**RESPONSE:** Defendant objects to this Request to the extent it is duplicative of Request No. 12 (seeking documents related to Plaintiff's 2016 termination). In addition, Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request to the extent it requests documents subject to the attorney-client and work product privileges. Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, see response to request

13

No. 12, documents enclosed herewith Bates-labeled as ICR000164-166, 169-171, 269-290, 294.

22. Any and all documents, including correspondence, e-mail, memos, notes, reports, computer data, or otherwise referring or relating to any denial of certification, criticism, demotion, suspension, counseling, warning, any other criticism of Plaintiff's job performance.

**RESPONSE:** Defendant objects to this Request to the extent it is duplicative of Request Nos. 8 (seeking all documents reflecting Plaintiff's job performance), 9 (seeking documents related to Plaintiff's skills performance evaluations), 14 (seeking any and all performance and/or work quality evaluations of Plaintiff), 21 (seeking any discipline and/or complaints). In addition, Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request to the extent it requests documents subject to the attorney-client and work product privileges. Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, see response to request Nos. 8, 9, 14, 21.

23. Any and all documents, including correspondence, e-mail, memos, notes, reports, computer data, or otherwise referring or relating to the decision to bring Plaintiff back in 2018 as an engineer trainee.

**RESPONSE:** Defendant objects to this Request to the extent it is duplicative of Request No. 19 (seeking documents related to Plaintiff's 2016 termination, labor relations grievances and the Public Law Board No. 7154 decisions). Defendant further objects to this Request to extent it seeks document protected by the attorney-client and work product privileges. Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, see responses to request No. 19, and documents Bates-labeled as

14

ICR000059–60, 186-263.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections to this Interrogatory and the General Objections, stating further, Defendant directs Plaintiff to documents Bates-labeled as ICR000306 and 000307-329 and 49 C.F.R. Part 240, subparts B and C.

24. Any and all documents, including correspondence, e-mail, memos, notes, reports or otherwise which relate to the process followed in deciding and/or the decision(s) to deny Plaintiff's engineer certification.

**RESPONSE:** Defendant objects to this Request to extent it seeks document protected by the attorney-client and work product privileges. Subject to this objection, the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith Bates-labeled as ICR000001–112, 160-166, 169-171, 186-263.

25. Any and all documents, including correspondence, e-mail, memos, notes, reports or otherwise which relate to the decision to issue Plaintiff's Skills Performance Evaluation on September 28, 2018.

**RESPONSE:** Defendant objects to this Request to the extent it is vague in its use of the phrase "to issue." Subject to the General Objections and without waiving same, and based on its understanding of this Request, see 29 CFR 240 et seq., and documents enclosed herewith: ICR000144-145, 160-161, 185.

26. Any and all documents, including correspondence, e-mail, memos, notes, reports or otherwise which relate to any complaints by Plaintiff to Defendant and the EEOC.

**RESPONSE:** Defendant objects to the Request seeking any and all documents that related to any complaints by Plaintiff to Defendant and the EEOC to the extent it is not properly limited in scope and time, overly broad, and vague in its use of the phrase "any complaints by

15

Plaintiff to Defendant." Specifically, all documents related to any complaints by Plaintiff to Defendant and the EEOC without being limited in time and scope to the claims and defenses at issue in the above-captioned matter. As such, this Request should be limited to documents related to EEOC charge 440-2019-01505. In addition, Defendant objects to the extent any and all documents sent by Plaintiff to the EEOC would not be in ICR's possession or control. Defendant further objects to this Request to extent it seeks document protected by the attorney-client and work product privileges. Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, see documents enclosed herewith Bates labeled as: ICR000001–143, 167–168, 291-293.

27. Any and all documents, including correspondence, e-mail, memos, notes, reports or otherwise which relate to any investigation Defendant conducted as a result of Plaintiff's complaints to the EEOC.

**RESPONSE:** Defendant objects to the Request to the extent it is not properly limited in scope and time and is vague and ambiguous in its use of the phrase "which relate to any investigation Defendant conducted as a result of Plaintiff's complaints to the EEOC." Specifically, all documents related to any investigation conducted as a result of all complaints by Plaintiff to the EEOC is not properly being limited in time and scope to the claims and defenses at issue in the above-captioned matter. As such, this Request should be limited to documents related to EEOC charge 440-2019-01505. Defendant further objects to this Request to the extent it seeks documents protected by the attorney-client and work product privileges. Subject to these objections, the General Objections and without waiving same, and based on its understanding of this Request, see Bates-labeled documents ICR000001–143, 291-293.

28. Any and all statements, whether oral, written or transcribed, audio or otherwise, of any person claiming to have any knowledge of why Plaintiff was denied her Engineer Certification

by Defendant.

**RESPONSE:** Defendant objects to this Request to extent it is duplicative of Request No. 24 (seeking documents related to the process followed in deciding and/or the decision(s) to deny Plaintiff's engineer certification). In addition, Defendant objects to this Request to the extent it is vague and ambiguous, particularly with respect to the undefined term "statements" which is subject to various interpretations. Defendant further objects to this Request to the extent it seeks documents protected by the attorney-client and work product privileges. Subject to this objection, the General Objections and without waiving same, and based on its understanding of this Request, see response to request No. 24 documents enclosed herewith ICR000024–25, 26 –28, 288, 294.

29. From January 1, 2014 through the present, any and all employee handbooks, personnel manuals, supervisor manuals, computer data, and other documents that describe the Defendant's personnel policies, practices, and/or procedures in effect during said time period, including any amendments or modifications thereto.

**RESPONSE:** Defendant objects to this Request seeking all employee handbooks, personnel manuals, supervisor manuals, computer data, and other documents describing ICR's personnel policies, practices, and/or procedures from January 1, 2014 through present to the extent it is not reasonably limited in scope and time to the alleged protected activity and adverse action that occurred in September and October 2018. Subject to these objections, the General Objections, and without waiving same, and based on its understanding of this Request, see documents Bates-labeled as ICR000011-16, 147-159.

30. Any and all documents evidencing the number of employees working for Defendant and the number of employees within Plaintiff's position title/job classification for the last six years, including their race, dates of employment, reasons for separation of employment, and shifts that each individual was assigned to.

17

**RESPONSE:** Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable as seeking information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. Subject to these objections, the General Objections and without waiving same, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request.

**SUPPLEMENTAL RESPONSE:** Subject to its prior objections to this request and the General Objections, and without waiving same, see ICR000348-000360, which identifies locomotive engineers who worked in the Chicago Zone of ICR's Midwest Division (i.e., in Plaintiff's chain of command) for the time period of 2013 to 2018.

31. Any and all documents, including correspondence, e-mail, memos, notes, reports, personnel files, or otherwise which relate to any employees who in the last six years was denied Engineer Certification by Defendant.

**RESPONSE:** Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Specifically, it is overly broad and unduly burdensome to seek information regarding the likely thousands of employees at an unlimited number of Defendant's locations who apply for certification, and such information is irrelevant to Plaintiff's allegations regarding a failure for re-certification. As such, this Request should be limited to those

18

seeking re-certification at the property on which Plaintiff worked. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable as seeking information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. Subject to this objection, the General Objections and without waiving same, and based on its understanding of this Request, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request.

    **SUPPLEMENTAL RESPONSE:**  Subject to its prior objections to this request and the General Objections, and without waiving same, see ICR000361-000364, which identifies individuals who worked in the Chicago Zone of ICR's Midwest Division (i.e., in Plaintiff's chain of command) for the time period of 1/1/2014 through 2018 and sought engineer certification or re-certification during that time period, including those individuals who did not receive such certification or re-certification.

    32. Any and all documents, including correspondence, e-mail, memos, notes, reports, personnel files, or otherwise which relate to any employees who in the last six years was placed in engineer trainee status.

    **RESPONSE:** Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable as seeking information protected by the attorney-client privilege, work product doctrine, or other applicable

privilege or protection. Subject to these objections, the General Objections and without waiving same, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections to this Interrogatory and the General Objections, stating further, Defendant directs Plaintiff to documents Bates-labeled as ICR000306 and 000307-329 and 49 C.F.R. Part 240, subparts B and C.

**SECOND SUPPLEMENTAL RESPONSE:** Subject to its prior objections to this request and the General Objections, and without waiving same, in accordance with 49 C.F.R. 240, all individuals seeking engineer certification at ICR are subject to its FRA approved Engineer Certification Program and will be placed in engineer training status upon meeting applicable qualifications. In accordance with ICR's approved Engineer Certification Program, previously certified Engineers who have had their certificate expire, will be required to satisfy all the components for certification. Following the applicable prior safety conduct evaluations and hearing and visual acuity examination, the individual will be issued a student certificate. The individual will then be required to complete a period of on-the-job training and territorial familiarization. Prior to issuance of a Certified Locomotive Engineer Certificate, the individual will be trained and tested according to the procedures further outlined. See ICR000325. Answering further, see ICR000361-000364, which identifies those individuals who participated in the engineer certification process in the Chicago Zone of ICR's Midwest Division (i.e., in Plaintiff's chain of command) for the time period of 1/1/2014 through 2018.

33. Every Skills Performance Evaluation completed by Brian Torres- Regnier for the past six years.

**RESPONSE:** Defendant objects to this Request as unreasonably overbroad,

unduly burdensome, vague and ambiguous, and further that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable as seeking information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. Subject to these objections, the General Objections and without waiving same, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request.

**SECOND SUPPLEMENTAL RESPONSE:** Subject to its prior objections to this request and the General Objections, and without waiving same, Defendant states that the Federal Railroad Administration ("FRA") regulations under 49 C.F.R. Part 240 impose a mandatory minimum passing score, such that ICR lacks subjective discretion in conducting skills performance evaluations. Consequently, this request seeks information that is neither relevant nor proportional to the needs of this case. Furthermore, in addition to ICR's previous objections, ICR notes that it has no way of determining which skills performance evaluations were completed by Mr. Torres-Regnier over the last six years, short of an extraordinarily burdensome manual document review. As noted above, training and testing are performed at the local level, and there is no way for ICRR to search for skills performance evaluations performed by a particular individual. Notwithstanding, see ICR000348-000360, which identifies locomotive engineers who were employed in the Chicago Zone of ICR's Midwest Division (i.e., in Plaintiff's chain of command) for the time period of 2013 through 2018, including those individuals who were denied engineer certification or re-certification during that time period. As to those individuals who were denied engineer certification or re-certification, their identities and

21

the identities of the supervisor(s) who performed their skills performance evaluations, see Defendant's supplemental answer to Plaintiff's Interrogatory No. 13.

34. Every Skills Performance Evaluation completed by Larry Tharpe for the past six Years.

**RESPONSE:** Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable as seeking information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. Subject to these objections, the General Objections and without waiving same, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request.

**SUPPLEMENTAL RESPONSE:** Subject to its prior objections to this request and the General Objections, and without waiving same, see Defendant's supplemental response to Plaintiff's Request No. 33 hereinabove.

35. For the last six years, any and all documents, including correspondence, e-mail, memos, notes, reports or otherwise which relate to any complaints of race discrimination or retaliation made by any of Defendant's employees to any governmental agency.

**RESPONSE:** Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request as seeking

22

confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable as seeking information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. Subject to these objections, the General Objections and without waiving same, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request.

**SUPPLEMENTAL RESPONSE:** Subject to its prior objections to this request and the General Objections, and without waiving same, Defendant states that there have been no complaints of racial discrimination or retaliation made relative to the Markham Yard from November 1, 2014 through December 31, 2018 apart from Plaintiff's own complaint, and accordingly, Defendant is not in possession of responsive, non-privileged documents related to any complaint of race discrimination or retaliation that is relevant to this litigation apart from those documents pertaining to Plaintiff's complaint previously produced by the parties in this lawsuit.

36. All documents provided by Defendant to the Equal Employment Opportunity Commission, and any other governmental agency concerning Plaintiff's claims of discrimination.

**RESPONSE:** Defendant objects to the Request seeking any and all documents provided by ICR to the EEOC and other government agencies concerning Plaintiff's claim on discrimination to the extent it is duplicative of Request No. 26 (seeking documents related to any complaints by Plaintiff to Defendant and the EEOC). Defendant further objects to the Request the extent it is not properly limited in scope and time, overly broad, and vague. Specifically, all documents related to any complaints by Plaintiff to Defendant and the EEOC without being limited in time and scope to the claims and defenses at issue in the above-captioned matter. As such, this Request should be limited to documents related to EEOC charge 440-2019-01505. Subject to these

objections, the General Objections and without waiving same, and based on its understanding of this Request, see response to Request No. 26.

37.  A copy of any and all communication between any employee of Defendant and any member of BLET Division 10, referring or relating to Plaintiff.

**RESPONSE:** Defendant objects to this Request as not properly limited in scope and time, unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Subject to these objections, the General Objections and without waiving same, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request.

**SUPPLEMENTAL RESPONSE:**    Subject to its prior objections to this request and the General Objections, and without waiving same, Defendant states that it possesses no responsive documents apart from those previously produced by the parties in this lawsuit.

38.   Any and all documents, including correspondence, e-mail, memos, notes, reports, computer data, or otherwise referring or relating to any employee being reinstated by Defendant for any reason from January 1, 2014 to present.

**RESPONSE:** Defendant objects to this Request as unreasonably overbroad, unduly burdensome, vague and ambiguous, and further that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses at issue or needs of the case. Defendant further objects to this Request as seeking confidential, personal and personnel-related information of non-parties requiring entry of an agreed upon stipulated protective order. The Request is further objectionable as seeking information protected by the attorney-client privilege, work product doctrine, or other applicable privilege or

24

protection. Subject to these objections, the General Objections and without waiving same, Defendant is willing to meet and confer with Plaintiff to discuss the basis and better and more reasonably define the scope and intent of this Request.

Dated: January 16, 2021                    Respectfully submitted,

                                           FLETCHER & SIPPEL LLC

                          By:    /s/ Chloé G. Pedersen
                                 One of the Attorneys for Defendant
                                 ILLINOIS CENTRAL RAILROAD COMPANY

Chloé G. Pedersen
Paula E. Pitrak
Ryan J. Gillespie
FLETCHER & SIPPEL LLC
29 North Wacker Drive, Suite 800
Chicago, IL 60606-3208
(312) 252-1500 Telephone
(312) 252-2400 Facsimile
cpedersen@fletcher-sippel.com
ppitrak@fletcher-sippel.com
rgillespie@fletcher-sippel.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 16, 2021, I caused the foregoing **Defendant Illinois Central Railroad Company's Third Supplemental Responses to Plaintiff's First Requests for Production to Defendant** to be served via e-mail upon the following parties:

> Edward M. Fox
> Jaclyn N. Diaz
> Ed Fox & Associates, Ltd.
> 300 West Adams Street, Suite 330
> Chicago, IL  60606
> (312) 345-8877 Telephone
> efox@efoxlaw.com
> jdiaz@efoxlaw.com
> *Attorneys for Plaintiff*

By: <u>/s/ Chloé G. Pedersen</u>
       One of the Attorneys for Defendant
       ILLINOIS CENTRAL RAILROAD COMPANY

# EXHIBIT B

## Re: Vann-Foreman v. CN, -cv-08069 - Discovery

Jaclyn Diaz <jdiaz@EFOXLAW.COM>
Thu 12/17/2020 9:45 AM

**To:** Paula E. Pitrak <PPitrak@fletcher-sippel.com>; Chloé G. Pedersen <CPedersen@fletcher-sippel.com>; Ryan J. Gillespie <RGillespie@fletcher-sippel.com>

Counsel,

Pursuant to the status hearing this morning, I intend to take the depositions of Brian Torres-Regnier, Larry Thorpe, Steve Miller and Stephen Condon, please advise as to whether you will be presenting them for deposition or if I need to issue subpoenas.

Thank you,

Jaclyn

# EXHIBIT C

---

**From:** Jaclyn Diaz <jdiaz@EFOXLAW.COM>
**Sent:** Monday, December 14, 2020 5:34 PM
**To:** Chloé G. Pedersen <CPedersen@fletcher-sippel.com>; Paula E. Pitrak <PPitrak@fletcher-sippel.com>; Ryan J. Gillespie <RGillespie@fletcher-sippel.com>
**Subject:** Vann-Foreman v. CN, -cv-08069 - Discovery

Counsel,

Defendant responded to numerous of Plaintiff's written discovery requests that they are willing to meet and confer about the "scope and intent" of Plaintiff's request (*See* Interrogatory Nos. 11; 13; 17; 18; 20 and Request to Produce Nos. 20; 30; 31; 32; 33; 34; 35; 37; 38), I would like to schedule a 37.2 conference to discuss so please provide me with your availability.

On a similar note, tomorrow I intend to file a motion for an extension to the remaining discovery deadlines. I will be seeking a 75 day extension to all remaining discovery deadlines. Please advise as to whether Defendant is objecting to Plaintiff's first proposed extension to discovery.

Thank you,

Jaclyn

Jaclyn Diaz
Associate Attorney
Ed Fox & Associates, Ltd.
300 W. Adams St. Suite 330
Chicago, Illinois 60606
312.345.8877

# EXHIBIT D

## RE: Vann-Foreman v. CN, -cv-08069 - Discovery

**Jaclyn Diaz** <jdiaz@EFOXLAW.COM>

Thu 1/7/2021 4:09 PM

**To:** Paula E. Pitrak <PPitrak@fletcher-sippel.com>

Paula,

I am following up as I never received any documentation memorializing our telephonic meet and confer on December 22 that you had indicated you would draft. As a result, I wanted to confirm that Defendant intends to supplement their production on January 11 as agreed upon at the December 22, 2020 conference. Additionally, I still have not heard from Defendant about my December 17th email regarding the availability of Brian Torres-Regnier, Larry Thorpe, Steve Miller and Stephen Condon for deposition – any updates?

Thank you,

Jaclyn

---

**From:** Paula E. Pitrak <PPitrak@fletcher-sippel.com>
**Sent:** Tuesday, December 15, 2020 2:30 PM
**To:** Jaclyn Diaz <jdiaz@EFOXLAW.COM>; Chloé G. Pedersen <CPedersen@fletcher-sippel.com>; Ryan J. Gillespie <RGillespie@fletcher-sippel.com>
**Subject:** RE: Vann-Foreman v. CN, -cv-08069 - Discovery

Counsel,

We are available for a meet and confer tomorrow, December 16, at 2:30 p.m. and Tuesday, December 22, at 10:30 a.m. Please advise of your availability.

As it relates to your motion for extension of time, please be advised we object to this proposed extension.

Kindly,
Paula

## Paula E. Pitrak

Paula E. Pitrak
Fletcher & Sippel LLC
29 North Wacker Drive
Suite 800
Chicago, Illinois 60606-3208
ppitrak@fletcher-sippel.com
Direct: (312) 252-1519
Fax: (312) 252-2400



This e-mail, including attachments, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information that is confidential and it may be protected by the attorney/client or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you

# EXHIBIT E

# FLETCHER & SIPPEL LLC

ATTORNEYS AT LAW

29 North Wacker Drive
Suite 800
Chicago, Illinois 60606-3208

Phone: (312) 252-1500
Fax: (312) 252-2400
www.fletcher-sippel.com

**CHLOÉ G. PEDERSEN**
Direct: (312) 252-1510
cpedersen@fletcher-sippel.com

January 8, 2020

**VIA ELECTRONIC MAIL**
Jaclyn N. Diaz, Esq.
Ed Fox & Associates Ltd.
300 W Adams Street, Suite 330
Chicago, Illinois 60606
jdiaz@efoxlaw.com

Re: *Cynthia Vann-Foreman v. Illinois Central Railroad Company*, No. 18 CV 8069

Dear Counsel:

The purpose of this letter is to memorialize the Parties' December 22, 2020 telephonic meet and confer regarding Illinois Central Railroad Company's ("ICRR") responses to Plaintiff's discovery requests and to address certain offers of compromise, either made during that discussion and/or proposed herein.

**ICRR's Responses to Plaintiff's Interrogatories**

**Interrogatory No. 11:** Plaintiff has offered to limit the scope of this interrogatory to ICRR's Southern Region for the time period of November 2014 to December 31, 2018. This interrogatory nonetheless remains objectionable as it continues to seek information far beyond and outside of Plaintiff's chain of command (and thus fails to properly address ICRR's objection as to overbreadth). Further, information involving or related to employees and supervisors who Ms. Vann-Foreman never worked with or reported to continues to be neither proportional to the needs of this case nor likely to lead to the discovery of admissible evidence to support Plaintiff's claims. Accordingly, ICRR stands on its objections to this interrogatory.

**Interrogatory No. 13:** ICRR has supplemented its response to this interrogatory by way of producing Plaintiff's Engineer Service Record Request from BNSF and documents pertaining to its Engineer Certification Program. Plaintiff deemed this supplement insufficient during the Parties' meet and confer. It is ICRR's position that this interrogatory remains objectionable, as ICRR trains and evaluates its employees at the local level, such that this interrogatory, as written, is overbroad, unduly burdensome, and not proportional to the needs of

# FLETCHER & SIPPEL LLC

Jaclyn N. Diaz, Esq.
January 8, 2020
Page 2

this case. Notwithstanding, subject to and without waiving its prior objections, upon entry of an appropriate protective order, ICRR agrees to again supplement its answer to this interrogatory and identify those individuals in the Chicago Zone of ICRR's Midwest Division (i.e., in Plaintiff's chain of command) who were denied engineer re-certification, for the time period of 2013 to 2018, but otherwise stands on its objections to this interrogatory.

**Interrogatory No. 17:** Plaintiff has declined to limit this interrogatory any further. ICRR's position remains that this interrogatory is objectionable as it is overbroad in that it is not limited to complaints of race discrimination and/or retaliation, not proportionate to the needs of this case, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Notwithstanding, ICRR has previously supplemented its response to the request for production corresponding to this interrogatory, and identified that there are no documents pertaining to any complaints of discrimination against Brian Torres-Regnier. To that end, subject to and without waiving its prior objections, ICRR agrees to supplement its response to this interrogatory to identify Mr. Torres-Regnier's dates of employment as well as any periods of separation, and state affirmatively that no complaints of racial discrimination or retaliation were made against him, but otherwise stands on its objections to this interrogatory.

**Interrogatory No. 18:** Plaintiff has offered to limit this interrogatory to information pertaining to locomotive engineers and/or locomotive engineer trainees. However, this interrogatory remains objectionable as it is overbroad, in that it is not limited to complaints of race discrimination and/or retaliation, not proportionate to the needs of this case, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Further, as discussed during the meet and confer, it is not possible for ICRR to respond to this interrogatory as written, as Mr. Torres-Regnier is part of a team of supervisors who rotate supervising different crews of locomotive engineers, and there is no one individual or subset of individuals who report solely to Mr. Torres-Regnier such that they could be readily identified. Notwithstanding, subject to and without waiving its prior objections, upon entry of an appropriate protective order, ICRR agrees to supplement its response to this interrogatory and identify locomotive engineers who worked in the Chicago Zone of ICRR's Midwest Division (i.e., in Plaintiff's chain of command) for the time period of 2013 to 2018, who all could have reported to Mr. Torres-Regnier as part of their supervisory team, but otherwise stands on its objections to this interrogatory.

**Interrogatory No. 20:** At the meet and confer, Plaintiff offered to limit this interrogatory to the Southern region, and complaints of race discrimination and/or retaliation. It bears noting that Tim Gerten was not a supervisor of locomotive engineers – he was another engineer who happened to be working with Plaintiff on a specific occasion. In any event, this interrogatory suffers from the same defects as Interrogatory No. 18, such that it remains

# FLETCHER & SIPPEL LLC

Jaclyn N. Diaz, Esq.
January 8, 2020
Page 3

objectionable. Notwithstanding, subject to and without waiving its prior objections, ICRR agrees to supplement its response to this interrogatory and state affirmatively that, apart from Plaintiff's complaint of race discrimination, ICRR has no record of any other complaints against Mr. Gerten pertaining to race discrimination and/or retaliation, but otherwise stands on its objections to this interrogatory.

## ICRR's Responses to Plaintiff's Requests for Production

**Request No. 20:** At the meet and confer, Plaintiff declined to narrow the scope of this request. ICRR will supplement its response by way of reference to its privilege log tendered pursuant to Fed. R. Civ. P. 26(b)(5), but otherwise stands on its objections to this request.

**Request No. 30:** Plaintiff has agreed to limit this Request to the time period of November 2014 to December 31, 2018, and to those individuals who were in Plaintiff's chain of command at ICRR. However, ICRR maintains its position that this request is overbroad, unduly burdensome, vague and ambiguous, and seeks information that is neither reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case. Stating further, there is no current ability to obtain the requested materials in any usable or responsive fashion. Notwithstanding, subject to and without waiving its prior objections, and upon entry of an appropriate protective order, ICRR nevertheless agrees to supplement its response to this request and identify locomotive engineers who worked in the Chicago Zone of ICRR's Midwest Division (i.e., in Plaintiff's chain of command) for the time period of 2013 to 2018, but otherwise stands on its objections to this request.

**Request No. 31:** As discussed during the meet and confer, ICRR once again requests that this request be appropriately limited in time and scope. As noted above, subject to and without waiving its prior objections, upon entry of an appropriate protective order, ICRR agrees to supplement its response and identify locomotive engineers who worked in the Chicago Zone of ICRR's Midwest Division (i.e., in Plaintiff's chain of command) and sought locomotive engineer certification in the time period of 2013 to 2018, but otherwise stands on its objections to this request.

**Request No. 32:** ICRR maintains its position that this request is overbroad, unduly burdensome, vague and ambiguous, and seeks information that is neither reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case. Based on its Federal Railroad Administration ("FRA") certified locomotive engineer training program and applicable federal laws, all individuals seeking to work as a locomotive engineer are placed in the engineer trainee status. Indeed, as written, this request seeks information pertaining to potentially tens of thousands of individuals all across the country. As such, ICRR once again requests that this request be appropriately limited in time and scope.

# FLETCHER & SIPPEL LLC

Jaclyn N. Diaz, Esq.
January 8, 2020
Page 4

However, as noted above, subject to and without waiving its prior objections, upon entry of an appropriate protective order, ICRR agrees to supplement its response and identify locomotive engineers who worked in the Chicago Zone of ICRR's Midwest Division (i.e., in Plaintiff's chain of command) for the time period of 2013 to 2018.

    **Request No. 33:** ICRR maintains its objections to this request. The Federal Railroad Administration ("FRA") regulations under 29 C.F.R. Part 240 impose a mandatory minimum passing score, such that ICRR lacks subjective discretion in conducting skills performance evaluations. Consequently, this request seeks information that is neither relevant nor proportional to the needs of this case. Furthermore, in addition to ICRR's previous objections, ICRR notes that it has no way of determining which skills performance evaluations were completed by Mr. Torres-Regnier over the last six years, short of an extraordinarily burdensome manual document review. As noted above, training and testing are performed at the local level, and there is no way for ICRR to search for skills performance evaluations performed by a particular individual. However, consistent with its response to the corresponding interrogatory, ICRR agrees to supplement its answer to this response and identify those individuals in the Chicago Zone of ICRR's Midwest Division (i.e., in Plaintiff's chain of command) who were denied engineer re-certification, in the time period of 2013 to 2018, and upon reasonable request, can identify who performed the skills performance evaluations for those individuals who were not re-certified.

    **Request No. 34**: ICRR maintains its objections to this request. The Federal Railroad Administration ("FRA") regulations under 29 C.F.R. Part 240 impose a mandatory minimum passing score, such that ICRR lacks subjective discretion in conducting skills performance evaluations. Consequently, this request seeks information that is neither relevant nor proportional to the needs of this case. Furthermore, in addition to ICRR's previous objections, ICRR notes that it has no way of determining which skills performance evaluations were completed by Mr. Tharpe over the last six years, short of an extraordinarily burdensome manual document review. As noted above, training and testing are performed at the local level, and there is no way for ICRR to search for skills performance evaluations performed by a particular individual. However, consistent with its response to the corresponding interrogatory, ICRR agrees to supplement its answer to this response and identify those individuals in the Chicago Zone of ICRR's Midwest Division (i.e., in Plaintiff's chain of command) who were denied engineer re-certification, in the time period of 2013 to 2018, and upon reasonable request, can identify who performed the skills performance evaluations for those individuals who were not re-certified.

    **Request No. 35:** Plaintiff has agreed to limit this Request to the time period of November 2014 to December 31, 2018, and to those individuals in the Southern Region. ICRR maintains that this request is objectionable. ICRR maintains its position that this request is

# FLETCHER & SIPPEL LLC

Jaclyn N. Diaz, Esq.
January 8, 2020
Page 5

overbroad, unduly burdensome, and seeks information that is neither reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case. Specifically, information involving or related to employees and supervisors who Ms. Vann-Foreman never worked with or reported to continues to be neither proportional to the needs of this case nor likely to lead to the discovery of admissible evidence to support Plaintiff's claims. Accordingly, ICRR stands on its objections to this interrogatory. Nonetheless, ICRR agrees to supplement its response to affirmatively state that there have been no complaints of race discrimination or retaliation involving Mr. Torres-Regnier, and it possesses no responsive documents related to any complaints of race discrimination or retaliation apart from those pertaining to Plaintiff's own complaint involving Mr. Gerten, which have already been produced.

    **Request No. 37**: Defendant maintains its position that this request is not properly limited in scope and time, such that it is overbroad and unduly burdensome, and that it seeks information that is neither reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of this case. Notwithstanding, ICRR agrees to supplement its response to affirmatively state that it possesses no responsive documents apart from those previously produced by the parties in this lawsuit.

    **Request No. 38**: Plaintiff has declined to further limit this request, which remains objectionable as it still seeks information outside of Plaintiff's chain of command and geographic assignment (and thus fails to alleviate ICRR's objection as to overbreadth), and is not limited in timeframe, to those individuals working as locomotive engineers/engineer trainees, or by the nature of discipline (if applicable) or reason(s) for "reinstatement." As such, this request is overbroad, not proportional to the needs of this case, and not reasonably restricted so as to lead to the discovery of admissible evidence to support Plaintiff's claims. So too, this request, as written, seeks attorney work product and information that is protected by the attorney-client privilege. Accordingly, ICRR stands on its objections to this request.

    ICRR hopes to continue discussions regarding the aforementioned discovery responses, and looks forward to an amicable resolution of these issues. To that end, in the event that Plaintiff believes ICRR has misstated Plaintiff's position as to any of the foregoing issues, or has a different recollection of the Parties' discussion, please advise us as to that fact promptly.

    In addition, assuming that Plaintiff does not object to the entry of a confidentiality order, ICRR plans to supplement its responses to Plaintiff's discovery requests as described hereinabove no later than January 15, 2021. A proposed confidentiality order consistent with the Local Rules is provided herewith for your review and approval. Please confirm your agreement and that we may affix your electronic signature thereto.

FLETCHER & SIPPEL LLC

Jaclyn N. Diaz, Esq.
January 8, 2020
Page 6

Should you have any additional questions or concerns, please do not hesitate to contact me.

Very truly yours,

FLETCHER & SIPPEL LLC

/s/ Chloé G. Pedersen
Chloé G. Pedersen

CGP:dg

# EXHIBIT F

# ED FOX & ASSOCIATES

**ATTORNEYS AT LAW**
www.efox-law.com

300 W. Adams Street
Suite 330
Chicago, Illinois 60606
(312) 345-8877
(312) 853-3489 Facsimile

Edward M. Fox
Garrett W. Browne
Robin A. Grinnalds
Jaclyn N. Diaz

Email: jdiaz@efoxlaw.com

January 11, 2021

**<u>VIA E-MAIL</u>**
Paula E. Pitrak
Chloé G. Pedersen
Ryan J. Gillespie
Fletcher & Sippel LLC
29 North Wacker Drive, Suite 800
Chicago, IL 60606
(312) 252-1519

> Re: *Vann-Foreman v. Illinois Central Railroad Company* 19CV8069 –
> Summary of 37.2 Telephone conference on December 22, 2020

Counsel,

This letter is in response to Defendant's January 8, 2021 letter summarizing the 37.2 telephone conference that occurred on December 22, 2020. Paula Pitrak and I were the parties present for the December 22, 2020 telephonic conference. The purpose of the conference was to discuss Defendant's objections and Defendant's invitation to meet and confer as to numerous discovery requests.

**<u>Outstanding Issues with Defendant's Responses to Plaintiff's Interrogatories</u>**

**Interrogatory No. 11:** In response to Plaintiff's Interrogatory No. 11, Defendant indicated they were willing to meet and confer to better and more reasonably define the scope and intent of the interrogatory. During the parties meet and confer, Plaintiff indicated that they would be willing to

limit the scope of the request by limiting the time period to November 2014 through December 31, 2018 and to limit the request to Markham Yard. It is Plaintiff's position that the parties reached an agreement as to Interrogatory No. 11 and that Defendant's refusal to supplement their response as of January 8, 2021 is a new position taken by Defendant. Regardless, Plaintiff disagrees with Defendant's position that information of other complaints of discrimination and retaliation are not proportional or likely to lead to admissible evidence. In fact, the Seventh Circuit has made clear that "[o]ther-acts evidence may be relevant and admissible in a discrimination case to prove, for example, intent or pretext." *Manuel v. City of Chicago*, 335 F.3d 592, 596 (7th Cir. 2003). Plaintiff kindly requests that Defendant promptly inform Plaintiff if they intend to maintain their position so that Plaintiff can seek judicial intervention if necessary.

**Outstanding Issues with Defendant's Responses to Plaintiff's Requests for Production**

**Requests for Productions Nos. 33 & 34:** These requests sought skills performance evaluations completed by Brian Torres-Regnier and Larry Thorpe respectfully. Defendant has agreed to produce information as to the individuals within the Chicago Zone of ICRR's Midwest Division who have been denied engineer recertification from 2013 to 2018. Defendant also indicated that "upon reasonable request, can identify who performed the skills performance evaluations for the individuals who were not re-certified." Plaintiff intends on requesting the identity of the individuals who performed the skills performance evaluations for the employees who were not re-certified. As such, please accept this as Plaintiff's "reasonable request" to be provided the aforementioned information.

**Request for Production No. 35:** In response to Plaintiff's Request for Production No. 35, Defendant indicated they were willing to meet and confer to better and more reasonably define the

scope and intent of the interrogatory. During the parties meet and confer, Plaintiff indicated that they would be willing to limit the scope of the request by limiting the time period to November 2014 through December 31, 2018 and to limit the request to Markham Yard. It is Plaintiff's position that the parties reached an agreement as to Request for Production No. 35 and that Defendant's refusal to supplement their response as of January 8, 2021 is a new position taken by Defendant. Regardless, Plaintiff disagrees with Defendant's position that information of other complaints of discrimination and retaliation are not proportional or likely to lead to admissible evidence. In fact, the Seventh Circuit has made clear that "[o]ther-acts evidence may be relevant and admissible in a discrimination case to prove, for example, intent or pretext." *Manuel v. City of Chicago*, 335 F.3d 592, 596 (7th Cir. 2003). Plaintiff kindly requests that Defendant promptly inform Plaintiff if they intend to maintain their position so that Plaintiff can seek judicial intervention if necessary.

**Request for Production No. 38:** Plaintiff's Request for Production No. 38 sought documents related to individuals who had been reinstated by Defendant from January 1, 2014 to present. At the meet and confer conference, Plaintiff agreed to further limit the request to November 2014 through December 31, 2018, to the Southern Region- Midwest Region, and to employees in the positions of engineer and engineer trainee. Accordingly, Defendant's position in their January 8, 2021 letter that Plaintiff declined to limit this request further is incorrect. However, Plaintiff is willing to further limit her request by limiting the request to the Chicago Zone of ICRR's Midwest Division and to individuals in the position of engineer/engineer trainee that have been reinstated as a result of an arbitration award from November 2014 to December 31, 2018. Please promptly notify Plaintiff if Defendant will agree to supplement their production in accordance with Plaintiff's narrowed request.

Page 4

If you would like to discuss any of the above-mentioned matters further, please feel free to

contact me.


Sincerely,

*Jaclyn Diaz*

Jaclyn N. Diaz

# EXHIBIT G

## Jaclyn Diaz

| | |
|---|---|
| **From:** | Jaclyn Diaz |
| **Sent:** | Thursday, January 21, 2021 3:49 PM |
| **To:** | Ryan J. Gillespie; Chloé G. Pedersen |
| **Cc:** | Paula E. Pitrak; Deborah A. Guzman; Haley M. Weiss; Edward Fox |
| **Subject:** | RE: Vann-Foremann v. Illinois Central Railroad Company, 18 CV 8069 |

Counsel,

Please advise by 5:00 p.m. today as to whether Defendant intends to supplement their production as described below. With regard to the event recorder downloads, I will be seeking to redepose Mr. Torres-Regnier as this information was critical to the skills performance ride he conducted. I was denied an opportunity to question him about this relevant and important information as a result of Defendant's deficient discovery production.

In the event that we cannot reach an agreement as to the supplemental production prior to 5 p.m today, I will be calling Judge Cole's Courtroom Deputy to schedule a hearing.

Thank you,

Jaclyn

**From:** Jaclyn Diaz
**Sent:** Wednesday, January 20, 2021 6:04 PM
**To:** Ryan J. Gillespie <RGillespie@fletcher-sippel.com>; Chloé G. Pedersen <CPedersen@fletcher-sippel.com>
**Cc:** Paula E. Pitrak <PPitrak@fletcher-sippel.com>; Deborah A. Guzman <DGuzman@fletcher-sippel.com>; Haley M. Weiss <HWeiss@fletcher-sippel.com>; Edward Fox <efox@efox-law.com>
**Subject:** RE: Vann-Foremann v. Illinois Central Railroad Company, 18 CV 8069

Counsel,

After today's deposition of Brian Torres-Regnier, it is clear that Defendant's supplemental production is still deficient as detailed below.

In response to Interrogatory No. 13 and Requests for Production Nos. 31, 33, and 34, Defendant agreed to produce information as to the individuals who were denied engineer certification or re-certification in the time period of 2013 to 2018 and the individual who performed the skills performance evaluation. In response, Defendant produced a chart in their supplemental response to Interrogatory No. 13. At his deposition today, Brian Torres-Regnier when asked about the individuals listed in response to Interrogatory No. 13 and he stated that he did not believe that Colin Howard, Ernest Edwards, or Phillip Ham-Ying were ever denied engineer certification or recertification. Additionally, Colin Howard and Stephen Weydert were listed by Defendant as being "evaluated by" Brian Torres-Regnier but Defendant's use of "evaluated by" is so vague that Mr. Torres-Regnier himself did not know what he "evaluated" the individuals on. Accordingly, the information provided by Defendant is wholly insufficient and deficient. Plaintiff is requesting that Defendant supplement their response to Request for Production No. 31 with documents that include information as to the basis of denial of certification or recertification of Colin Howard, Ernest Edwards, Phillip Ham-Ying, Stephen Weydert, and Lashaune Darden.

In addition, as a result of the very limited and vague information Defendant has produced as to individuals who were denied certification or recertification, Plaintiff is requesting that Defendant supplement their response to Interrogatory No. 12. Defendant's response to Interrogatory No. 12 is deficient as it fails to provide information as to any individual

1

who was denied engineer certification or recertification. Plaintiff is willing to limit the scope of the request to individuals who were denied certification or recertification in the Chicago Zone of ICR's Midwest Division from 2013 to 2018.

Lastly, Plaintiff's Requests for Production Nos. 8, 14 and 22 all requested information related to Plaintiff's job assignments and job performance. Despite this, Defendant has failed to produce the Event Recorder Downloads for Plaintiff's skills ride with Brian Torres-Regnier and retest with Larry Tharpe. Information as to Plaintiff's performance on her skills ride is at the heart of this matter and thus Defendant's production is deficient. Please supplement your production with the relevant Event Recorder Downloads.

Please let me know by end of business tomorrow if Defendant intends to supplement their production with the above requested information. If you would like to discuss this matter further, I am available by telephone.

Thank you,

Jackie

**From:** Ryan J. Gillespie <RGillespie@fletcher-sippel.com>
**Sent:** Tuesday, January 19, 2021 8:23 AM
**To:** Jaclyn Diaz <jdiaz@EFOXLAW.COM>; Edward Fox <efox@efox-law.com>
**Cc:** Chloé G. Pedersen <CPedersen@fletcher-sippel.com>; Paula E. Pitrak <PPitrak@fletcher-sippel.com>; Deborah A. Guzman <DGuzman@fletcher-sippel.com>; Haley M. Weiss <HWeiss@fletcher-sippel.com>
**Subject:** Re: Vann-Foremann v. Illinois Central Railroad Company, 18 CV 8069

Jackie,

Interrogatory No. 13 (Req. Nos. 33 & 34): we will supplement with the available additional information where a re-examination was performed.

Req. No. 30: the additional information now requested by Plaintiff was not part of the Parties' prior agreement, and this is a request to produce, not an interrogatory. As referenced below in response to Request No. 38, supplement working on Req. No. 38, there are only two other people in the Chicago Zone who were dismissed for operation issues and then reinstated during the relevant timeframe, such that the information sought is irrelevant and disproportionate. As such, ICR stands on its objections.

Req. No. 33- 34: Plaintiff now seeks additional information beyond the Parties' agreement. For the reasons previously stated and outlined in our agreement, ICR stands on its objections. Further, these requests are more appropriate for the upcoming depositions of Mr. Torres-Regnier and Mr. Tharpe. Likewise, this is not an interrogatory, and production of almost 50 personnel and/or certification files is disproportionate to the needs of this case. Further, with the exception of the six individuals who did not pass who have already been identified for Plaintiff, everyone else on the list provided achieved the necessary minimum score and were certified. To that end, ICR disagrees with Plaintiff's claim that the contents of almost 50 personnel and/or certification files bear relevance to her claims.

Req. No 38: With the presently agreed-upon limitations there are only two individuals. We will supplement this response to provide the awards and certification records.

Ryan

**From:** Jaclyn Diaz <jdiaz@EFOXLAW.COM>
**Date:** Monday, January 18, 2021 at 4:50 PM
**To:** "Ryan J. Gillespie" <RGillespie@fletcher-sippel.com>
**Cc:** Chloé Pedersen <CPedersen@fletcher-sippel.com>, Paula Pitrak <PPitrak@fletcher-sippel.com>, Deborah

# EXHIBIT H

# FLETCHER & SIPPEL LLC

ATTORNEYS AT LAW

29 North Wacker Drive
Suite 800
Chicago, Illinois 60606-3208

Phone: (312) 252-1500
Fax: (312) 252-2400
www.fletcher-sippel.com

**CHLOÉ G. PEDERSEN**
Direct: (312) 252-1510
cpedersen@fletcher-sippel.com

January 22, 2021

**VIA ELECTRONIC MAIL**
Jaclyn N. Diaz, Esq.
Ed Fox & Associates Ltd.
300 W Adams Street, Suite 330
Chicago, Illinois 60606
jdiaz@efoxlaw.com

     *Re:*    *Cynthia Vann-Foreman v. Illinois Central Railroad Company***, No. 18 CV 8069**

Dear Counsel:

This letter serves as a response to your email correspondence dated January 18, 2021 and January 20, 2021, regarding Illinois Central Railroad Company's ("ICR") responses to Plaintiff's discovery requests. At the outset, we take issue with the various misrepresentations in your emails with respect to the status of the Parties' Rule 37.2 discussions. As such, it is necessary to recap.

The present dispute dates back to your December 14, 2020 email identifying Interrogatory Nos. 11, 13, 17, 18, and 20, and Request for Production Nos. 20, 30, 31, 32, 33, 34, 35, 37, and 38 for discussion, and the Parties' December 22, 2020 telephonic meet and confer concerning ICR's responses to Plaintiff's discovery requests, for which you and Ms. Pitrak were both present. Ms. Pitrak has confirmed that conversation was limited to the discovery requests and responses you identified in your December 14, 2020 email, namely Interrogatory Nos. 11, 13, 17, 18, and 20, and Request for Production Nos. 20, 30, 31, 32, 33, 34, 35, 37, and 38. ICR memorialized that discussion by way of its letter dated January 8, 2021, and you, in turn, responded by way of your January 11, 2021 letter, in which you responded to address purported outstanding issues with ICR's responses to Interrogatory No. 11 and Request for Production Nos. 33, 34, 35, and 38.

ICR provided supplemental discovery responses and document production on January 16, 2021. Thereafter, on January 18, 2021, you contacted us by email to communicate Plaintiff's belief that ICR's responses to Interrogatory No. 13 and Request for Production Nos. 13, 30, 33, and 34 were still deficient. However, you agreed to ICR's proposed limitation to Request No. 38. On January 19, 2021, Mr. Gillespie responded to your email indicating that ICR would supplement its response to Interrogatory No. 13 and Request No. 38. He further relayed ICR's position that,

# FLETCHER & SIPPEL LLC

ATTORNEYS AT LAW

Jaclyn N. Diaz, Esq.
January 22, 2021
Page 2

as to Request Nos. 30, 33, and 34, Plaintiff was seeking information beyond the scope of the Parties' prior agreement during the December 22, 2020 meet and confer, and which was neither relevant nor proportional to the needs of the case, such that ICR was maintaining its objections thereto.

Subsequently, on January 20, 2021, following the deposition of Brian Torres-Regnier, you sent us another email in which you averred that ICR's supplemental production was still deficient. Of note, in that email, you for the first time raised purported deficiencies identified by Plaintiff in ICR's responses to Interrogatory No. 12 and Request for Production Nos. 8, 14, and 22, <u>none of which were identified in your December 14 email, nor discussed during the Parties' December 22, 2020 Rule 37.2 meet and confer.</u> To the extent Plaintiff wishes to address ICR's responses to these additional discovery requests in depth, please indicate as such and provide your availability for a meet and confer, as is required by Local Rule 37.2 before seeking Court intervention.

Turning to the discovery responses which Plaintiff purports are deficient, I will address each in turn. For convenience and the sake of clarity, as to each individual request, I am providing the text of your January 20, 2021 email as well as ICR's response, beginning in **bold type.**

Your 1/20/2021 email provided: "In response to Interrogatory No. 13 and Requests for Production Nos. 31, 33, and 34, Defendant agreed to produce information as to the individuals who were denied engineer certification or re-certification in the time period of 2013 to 2018 and the individual who performed the skills performance evaluation. In response, Defendant produced a chart in their supplemental response to Interrogatory No. 13. At his deposition today, Brian Torres-Regnier when asked about the individuals listed in response to Interrogatory No. 13 and he stated that he did not believe that Colin Howard, Ernest Edwards, or Phillip Ham-Ying were ever denied engineer certification or recertification. Additionally, Colin Howard and Stephen Weydert were listed by Defendant as being "evaluated by" Brian Torres-Regnier but Defendant's use of "evaluated by" is so vague that Mr. Torres-Regnier himself did not know what he "evaluated" the individuals on. Accordingly, the information provided by Defendant is wholly insufficient and deficient. Plaintiff is requesting that Defendant supplement their response to Request for Production No. 31 with documents that include information as to the basis of denial of certification or recertification of Colin Howard, Ernest Edwards, Phillip Ham-Ying, Stephen Weydert, and Lashaune Darden."

> **ICR RESPONSE:** Your statements above are premised on the assumption that each of the six individuals ICR listed in response to Interrogatory No. 13 were denied or (failed to achieve) engineer certification or re-certification during the relevant time period because they failed their skills performance evaluation(s). That is not accurate, nor is it what ICR's response to No. 13 states. Rather, ICR identified those six individuals as having been denied or (failing to achieve)

# FLETCHER & SIPPEL LLC

ATTORNEYS AT LAW

Jaclyn N. Diaz, Esq.
January 22, 2021
Page 3

engineer certification or not re-certified during the relevant time period, as was requested. Further, Plaintiff was the only individual of the six identified to be denied certification or re-certification by ICR due to failing the required skills performance evaluation, a fact that has now been competently testified to by both Brian Torres-Regnier and Stephen Condon. On that note, the "evaluated by" column in the chart provided by ICR in response to Rog No. 13 refers to the SLE who performed that individual's skills performance evaluation, as that was the subject of a prior request by Plaintiff. ICR will change the header on that chart if it will aid Plaintiff's analysis of that issue, and as agreed, to the extent that a second skills performance evaluation was performed for any of those six individuals, ICR will state as such and identify the SLE in another supplemental answer. In addition, as to the individuals identified in response to Rog. No. 13, ICR will agree to provide the basis for each individual's denial of (or failure to achieve) certification or re-certification in said supplement, as agreed.

However, ICR will not agree to supplement Request for Production Nos. 31, 33 or 34 and will stand on its objections. Initially, although the Parties did discuss Request No. 31 at the meet and confer, at which time ICR maintained its objections and requested that Plaintiff narrow the scope of the request, Request No. 31 was not raised in your Rule 37.2 correspondence dated January 11, 2021 or your email dated January 18, 2021. To the extent ICR's position on this Requests is a departure from any previous stance, we note that new information has become available insofar as it has been confirmed Plaintiff was the only individual in the Chicago Zone who failed to achieve certification and/or re-certification in the relevant time period due to failing her skills performance evaluation(s), as opposed to some other operational or disciplinary reasons. To that end, as ICR is providing additional information in response to Rog No. 13 relative to the reasons for denying certification or re-certification, and in light of the fact that it is now known Plaintiff was the only individual in the Chicago Zone who did not achieve her certification or re-certification due to failing the required skills performance evaluation(s), the information now sought by Plaintiff in further response to Request Nos. 31, 33, and 34 is neither relevant nor proportional to the needs of this case.

Your 1/20/2021 email provided: "In addition, as a result of the very limited and vague information Defendant has produced as to individuals who were denied certification or recertification, Plaintiff is requesting that Defendant supplement their response to Interrogatory No. 12. Defendant's response to Interrogatory No. 12 is deficient as it fails to provide information as to any individual who was denied engineer certification or recertification.

# FLETCHER & SIPPEL LLC

ATTORNEYS AT LAW

Jaclyn N. Diaz, Esq.
January 22, 2021
Page 4

Plaintiff is willing to limit the scope of the request to individuals who were denied certification or recertification in the Chicago Zone of ICR's Midwest Division from 2013 to 2018."

> **ICR RESPONSE:** As described hereinabove, ICR's response to Interrogatory No. 12 has not been the subject of a proper telephonic or in person Rule 37.2 conference. It was not raised in your December 14, 2020 email, discussed on December 22, 2020, nor was it raised in your Rule 37.2 correspondence dated January 11, 2021 or your email dated January 18, 2021. In any event, in light of the information now known to the parties from the depositions taken to date regarding the reasons for denial of or failure to achieve certification or re-certification by the Chicago Zone individuals identified in response to Interrogatory No. 13, the additional information sought by Plaintiff is neither relevant nor proportional to the needs of this case, and ICR therefore declines to supplement this response and will stand on all previously made objections.

Your 1/20/2021 email provided: "Lastly, Plaintiff's Requests for Production Nos. 8, 14 and 22 all requested information related to Plaintiff's job assignments and job performance. Despite this, Defendant has failed to produce the Event Recorder Downloads for Plaintiff's skills ride with Brian Torres-Regnier and retest with Larry Tharpe. Information as to Plaintiff's performance on her skills ride is at the heart of this matter and thus Defendant's production is deficient. Please supplement your production with the relevant Event Recorder Downloads."

> **ICR RESPONSE:** As has now been testified to by both Brian Torres-Regnier and Stephen Condon at their depositions, the Event Recorder Downloads you now request were not utilized by any SLE or SSLE, and under applicable federal law, could not be utilized by them for assessment of Plaintiff's job performance or assignments related to her skills performance evaluations occurring in September and October of 2018. For this reason, ICR maintains its objections to these requests. Further, as described hereinabove, Request for Production Nos. 8, 14, and 22 have not been the subject of a proper telephonic or in person Rule 37.2 conference. They were not raised in your December 14, 2020 email, discussed on December 22, 2020, and were not raised in your prior Rule 37.2 correspondence dated January 11, 2021 or your email dated January 18, 2021, and for this additional reason, ICR therefore declines to supplement these responses further.

Your 1/20/2021 email provided: "With regard to the event recorder downloads, I will be seeking to redepose Mr. Torres-Regnier as this information was critical to the skills performance ride he conducted. I was denied an opportunity to question him about this relevant and important information as a result of Defendant's deficient discovery production."

# FLETCHER & SIPPEL LLC

ATTORNEYS AT LAW

Jaclyn N. Diaz, Esq.
January 22, 2021
Page 5

**ICR RESPONSE:** Initially, you inquired of Mr. Torres-Regnier, regarding the locomotive event recorder download, and his testimony was that he did <u>NOT</u> use the locomotive event recorder download in any way to score Plaintiff's skills performance evaluation. Regardless, to the extent Plaintiff seeks to ask the Court to re-depose Mr. Torres-Regnier, it is premature for you to have contacted the Court without having the proper meet and confer, as is required by Local Rule 37.2. Please provide your availability for such a discussion.

Should you have any questions or concerns regarding the foregoing issues, please do not hesitate to contact me. I am available for a telephonic meet and confer at your convenience to discuss these matters in accordance with the applicable Local Rule. Thank you for your attention to this matter.

Very truly yours,

FLETCHER & SIPPEL LLC

By:     /s/ Chloé G. Pedersen
        CHLOÉ G. PEDERSEN
        cpedersen@fletcher-sippel.com

CGP/dg
cc:     Paula E. Pitrak
        Ryan J. Gillespie
        Edward M. Fox
        *(Via Email)*